## Edgar Bugnon & al. vs. Joseph Howes.

Although it is essential to the validity of the return of an extent, that it should show that the debtor was duly notified to choose an appraiser; yet such notice may be implied from the return of the officer, that the debtor had *neglected to* choose an appraiser.

This was a writ of *entry*, demanding a tract of land in *Dresden*. The tenant pleaded the general issue which was joined, and by brief statement claimed an eighth as his own, and disclaimed the residue. The demandants claimed an undivided fourth part as heirs of *James Bugnon*, who was once seised of it.

To maintain his title to the one eighth claimed by him, the tenant gave in evidence the extent of an execution in favor of *George Houdlette* and *Llewyllyn W. Lithgow*, upon the undivided fourth part of said *James Bugnon*, as his property; and shew a conveyance of the interest acquired thereby by *Lithgow* to himself.

In the execution said *James Bugnon* is described, as of *Dresden*; and the part of the officer's return, material to the present enquiry, was in these words. "Three disinterested and discreet men, being freeholders in said county, *viz :* D. C. chosen by E. C. attorney to the creditors, G. T. chosen by myself, and J. C. chosen by me for said *James Bugnon*, who neglects to choose."

The counsel for the demandants objected to the validity of this extent on the ground, that it appeared by the officer's return, that he appointed two of the appraisers, but that it does not appear, that the debtor was notified ; and that for this reason the extent was void.

*Emery J.* before whom the trial was had, was of opinion, that the extent was valid ; and a nonsuit was entered by consent, subject to the opinion of the whole Court. If the Court shall decide, that the extent is valid, the nonsuit is to remain ; otherwise to be taken off.

*S. W. Robinson,* for the plaintiffs.

This case presents but a single point ; whether the officer's return gives any legal cause for his appointment of two of the appraisers.

The same question, on this very return, has been before the Court, in *Carney, Pet'r* v. *Bugnon,* and decided by the C. C. Pleas, and by one Judge of this Court in our favor, and acquiesced in by the petitioner. The case on which we now rely, *Means* v. *Osgood,* 7 *Greenl.* 146, was then considered as conclusive in our favor.

The return does not, in any part of it, state that *Bugnon,* the debtor, was notified. The return of neglect to choose does not necessarily imply, that notice was given to the debtor, as he would equally neglect, whether notified or not. Our statute differs from the *Massachusetts* statute on the same subject, and in express terms requires notice to be given. This positive provision of law cannot be dispensed with by implication. We have in our favor a direct decision of our own Court, and a positive provision of our own statute. In *Massachusetts* the return in the words of the statute may be good, as notice may be implied in the return, as well as the necessity of giving it in the statute. But here, where the statute positively requires the officer to give

notice to the debtor, the omission to return it cannot be implied, for a material statute requisition is omitted.

*F. Allen*, for the defendant, remarked, that the form, used by the officer in making his return in this case, had been generally followed since the separation; and that the mischief would be very great, if all such levies were to be held void. The Court will decide the law, as it is; but this affords ground for looking at the case with some greater care, than if the land now in controversy alone was in question.

In this case, the return shews, that the officer appointed two of the appraisers, because the debtor neglected to choose an appraiser. Now the debtor could not neglect to avail himself of his right to make choice of one appraiser, unless he had been notified, that the levy was to be made. And if an officer should return, that the debtor had thus neglected, when no notice had been given, an action would lie for a false return. *Blanchard* v. *Brooks*, 12 *Pick.* 47. In that case, the reason assigned by the officer for choosing two of the appraisers was the same as in this, and expressed in precisely the same words. The case of *Stinson* v. *Gurney*, decided in this Court, *May Term*, 1835, was upon a state of facts precisely like the present, and the decision was in accordance with *Blanchard* v. *Brooks*, and directly opposed to *Means* v. *Osgood*. (The Chief Justice remarked, that when the case, *Stinson* v. *Gurney*, was opened for argument, the attention of the counsel was called to *Blanchard* v. *Brooks*, and enquiry was made, whether any distinction could be made between the two cases; and thereupon the argument was pressed no farther, and the case went off without consideration. But that on the same circuit, there was a case in *Cumberland, Sturdivant* v. *Sweetser*, where the court held a levy to be good, where the officer returned, as the cause of his appointing two appraisers, that the debtor refused to choose one.)

*Allen*. The principle for which we contend was yielded in *Sturdivant* v. *Sweetser*, that the return need not state in words, that notice was given, and that it may be implied from his refusing or neglecting to avail himself of his right.

The counsel commented on *Means* v. *Osgood* to shew, that this point in the case passed without consideration, either by counsel or Court, and was entitled to little weight compared with the more recent and better considered cases on his side.

The variation in the statutes is an immaterial one, and the additional words in ours are but surplusage. The statutes have precisely the same meaning, whether the words are put in or left out.

After a continuance, the opinion of the Court was prepared by

WESTON C. J. — The case of *Means et al.* v. *Osgood*, 7 *Greenl.* 146, is exactly in point, as an authority for the demandants. The necessity of notice to the execution debtor, and that it should appear to have been given by the officer's return, was not there controverted. That both were implied in the return then under consideration, was a view of the case not presented to the court in argument, nor did it suggest itself to them, in the final determination of the cause. It seemed to be conceded that the return was fatally defective ; and the attention of the court was principally drawn to the propriety of allowing the officer to amend it, by inserting the fact of notice to the debtor, upon the motion of the demandants' counsel ; and the greater part of the opinion of the court, delivered by *Parris J.*, is taken up in discussing and settling the extent and limitation of such amendments. Upon this last point it has been regarded as a leading case, while the facts upon which it was based, have not until this time, since that decision, been presented to the court, nor did they occur to them, in the discussions which have arisen in other cases on the question of notice to the debtor by implication. Thus in the case of *Sturdivant* v. *Sweetser et al.* decided last year in *Cumberland*, 3 *Fairfield*, 520, it was held, that such notice was implied from the return of the officer, that the debtor had refused to appoint an appraiser. And in *Stinson* v. *Gurney*, which was pending in this county not reported, the same deduction was made from the return of the officer, that the debtor had neglected to appoint one. In neither of these cases was that of *Means* v. *Osgood* cited ; and if consistency has not been observed, it has been because these cases have never been before compared ; but

principally because the idea of notice by implication did not present itself to counsel or to the court in that case.

Upon this point, the statute of *Maine* is not precisely like that of *Massachusetts*. In the former notice to the debtor is expressly required. In the latter it is also required, but not in express terms. We say required, because the highest court in that state have so adjudged. *Whitman* v. *Tyler et als.* 8 *Mass.* 284; *Blanchard* v. *Brooks et al.* 12 *Pick.* 47. What the statute of *Maine* then is, in direct terms, that of *Massachusetts*, is by implication and judicial construction. In the last case the court say, that it must substantially appear by the return that the debtor had notice; " and if it does not so appear, when the return shows that the officer chose two appraisers, the levy will be void." They then remark, that as the statute had prescribed no mode of notice, in regard to which our statute *is* equally silent, it need not appear by the return how the notice was given ; and as the officer had there returned, as here, that the debtor had neglected to appoint an appraiser, they deduced therefrom, that he must have had notice of the time, place and occasion. They add, " the return therefore, by necessary implication, alleges that he had notice ; and if in point of fact he had not, it would be a false return."

This is direct authority for the deduction of notice by implication, where the officer returns that the debtor neglected to appoint. It would undoubtedly be much better, that the fact of notice should be stated directly and affirmatively by the officer. Such a form would call his attention to the duty, which *the statute pre-scribes* ; and it is one certainly most to be approved. If we sustain and tolerate the return in question, it will be only, *ut res magis valeat, quam pereat.* It pursues a form, which has been, we understand, extensively used, and many *titles in this State* depend upon it. It is always with reluctance, that a court finds itself constrained to defeat proceedings upon formal objections, where substantial justice may be better promoted by upholding them.

By adopting the views of the Supreme Court of *Massachusetts* in regard to notice by implication, the rights both of creditor and debtor will be preserved. Of the creditor, by giving effect

to his levy; of the debtor, by holding the officer liable for a false return, if the debtor lived in the same county, and was not notified as the statute requires. Nor will this be a hardship upon the officer; for he violates his duty, if he does not give such notice. Upon the whole, we hold the levy in question valid; and if we overrule part of what was decided in the case of *Means* v. *Osgood*, we do it upon a distinction not there raised, and follow, to uphold proceedings, a very respectable authority in a sister State, in relation to a statute, which by their construction is substantially like our own.

*Nonsuit confirmed.*